# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: February 7, 2019)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| SUSAN DEAN, | * | UNPUBLISHED |
| | * | |
| | * | No. 16-1245V |
| Petitioner, | * | |
| | * | Chief Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioner
Mallori B. Openchowski, U.S. Department of Justice, Washington, D.C., for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On September 30, 2016, Susan Dean ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner alleged that she "suffered a significant aggravation" of an unidentified "underlying respiratory condition" as a result of an influenza ("flu") vaccine prick percutaneous allergy test performed on October 7, 2013. Petition at Introduction & ¶ 2. On May 29, 2018, the undersigned issued her decision dismissing the case because petitioner failed to demonstrate that she "received a vaccine as set forth in the Vaccine Injury Table." Decision at 2.

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On November 15, 2018, petitioner filed an application for attorneys' fees and costs. Application for Attorney Fees and Costs ("Fees App.") (ECF No. 52). Petitioner requests attorneys' fees in the amount of $35,107.80 and attorneys' costs in the amount of $998.43. Id. at 1-2. Pursuant to General Order 9, petitioner warrants that she has personally incurred costs in the amount of $400.00 in pursuit of this litigation. ECF No. 53. The total request for fees and cost is $36,506.23. Respondent filed his response on December 6, 2017 indicating that he did not oppose petitioner's motion because he believed the statutory requirement for attorneys' fees had been met in the instant case. " Id. at 2. Petitioner did not file a reply.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $35,696.23.

## I. Discussion

Under the Vaccine Act, a special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. 42 U.S.C. §300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was reasonable basis for the claim for which the petition was brought." Id. at§ 15(e)(3). In this case, the undersigned finds that both good faith and reasonable basis exist. Petitioner presented an issue of first impression which required extensive briefing, and the undersigned does not doubt that petitioner brought her claim in good faith. Accordingly, a final award of attorney's fees and costs is reasonable.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests various rates for the five Conway, Homer, P.C. attorneys who worked on her case (Mr. Ronald Homer, Ms. Christina Ciampolillo, Ms. Lauren Faga, Ms. Meredith Daniels, and Mr. Joseph Pepper) and well as various law clerks and paralegals. Fees App. at 22. The undersigned has reviewed the requested rates and finds them to be consistent with what has previously been awarded Conway, Homer, P.C. attorneys and staff. Accordingly, no adjustment to the requested hourly rates is necessary.

### ii. Reasonable Hours Expended

Petitioner requests compensation for 160.8 total hours billed by several attorneys, paralegals, and law clerks. Fees App. at 20. The undersigned has reviewed the submitted billing entries, and the majority of the hours appear to be reasonable. However, a small reduction of hours must be made to the time billed by paralegals. Several entries were made for "prep new records for summary and electronic filing" either as a separate entry or as part of a larger entry. *See generally* Fees App. (billing entries on 7/12/16, 7/13/16, 8/3/16, 8/19/16, 9/30/16, 10/17/16, 11/1/16, 11/14/16, 12/21/16).

It is well-established that the Vaccine Program does not permit billing at any rate for clerical or administrative work, since such tasks "should be considered as normal overhead office costs included in the attorneys' fees rate." Rochester v. United States, 18 Cl. Ct. 379, 387 (1989). In the Vaccine Program, administrative work includes such tasks as making travel arrangements, setting up meetings, reviewing invoices, and filing exhibits. Hoskins v. Sec'y of Health & Human Servs., No. 15-071, 2017 U.S. Claims LEXIS 934, at *6-7 (Fed. Cl. Spec. Mstr. July 12, 2017) ("Almost all of the paralegal's time was spent on scanning, paginating, and filing records—clerical activities for which neither an attorney nor a paralegal should charge."); Floyd v. Sec'y of Health & Human Servs., No. 13-556, 2017 U.S. Claims LEXIS 300, at *13-14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome of the tasks performed by paralegals were clerical/secretarial in nature. Examples include . . . filing documents through the CM/ECF system.").

In the instant case, it is unclear what task the paralegal is performing by prepping records for summary and filing. Given that filing exhibits and scanning medical records has consistently

been held to be administrative/clerical work, however, the undersigned finds that the entries in question most likely are administrative in nature and are therefore non-compensable.

In sum, the undersigned finds it reasonable to reduce the total number paralegal hours billed by 6 hours. This results in a total reduction of **$810.00**.[3]

### b.  Attorneys' Costs

Petitioner requests a total of $998.43 in attorneys' costs. These consist of medical records costs and postage costs. These are all costs typical of Vaccine Program litigation, and petitioner has provided adequate documentation substantiating all costs. The undersigned will therefore reimburse the requested costs in full.

### c.  Petitioner's Costs

Pursuant to General Order No. 9, petitioner warrants that she has personally incurred $400.00 in costs in pursuit of this litigation. This cost is for the filing fee. Fees App. at 39. The undersigned finds this cost to be reasonable and shall reimburse it in full.

## II.   Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---:|
| Requested Attorneys' Fees: | $34,297.80 |
| Awarded Attorneys' Costs: | $998.43 |
| **Total Attorney's Fees and Costs Awarded** | **$35,296.23** |
| **Petitioner's Costs:** | **$400.00** |

**Accordingly, the undersigned awards the following:**

1) $35,296.23 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Ronald C. Homer; and

2) $400.00 in petitioner's costs, in the form of a check payable to petitioner.

---

[3] As most of the administrative work was in connection to medical record preparation, it was performed in 2016 at a rate of $135.00 per hour.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.